IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAQUAN RASHIE GULLET-EL, *Pro Se* <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civ. Action No. 24-00521 (EGS) |

**MEMORANDUM OPINION**

Plaintiff Taquan Rashie, also known as Taquan Rashie Gullet-el and gullet-el:taquan-rashe ("Mr. Rashie") has filed a number of motions since he initiated this action, *pro se*, on February 12, 2024. Compl., ECF No. 1.[1] Pending before the Court is Mr. Rashie's "Motion and Affidavit for Disqualification and Recusal Based Upon Bias and Prejudice Under Article 52 Geneva (IV) Convention of 1949 (28 U.S.C. §§ 455, 144)" ("Recusal Motion"). Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26. Defendant United States of America ("Defendant") has not filed a response to Mr. Rashie's Recusal Motion.[2] Upon careful

---

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document. Citations reference docket entries in this case, 24-cv-00521, unless otherwise specified.

[2] On September 30, 2024, Defendant filed a Motion for Extension of Time to File Response/Reply to Mr. Rashie's Recusal Motion ("Motion for Extension"), seeking an extension through October 4, 2024. Def.'s Mot. for Extension, ECF No. 27. On October 1,

1

consideration of the motion, the applicable law, and the entire record, Mr. Rashie's motion is **DENIED**.

I. **BACKGROUND**

Despite the volume and length of motions and other documents Mr. Rashie has filed in this case, the relevant facts and allegations can be described succinctly. Core to Mr. Rashie's claims is his self-identification as a Moorish sovereign citizen. *See generally* Compl., ECF No. 1; Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26. He purports to belong to a group of

> Moorish American Nationals under the consular jurisdiction of the Moorish Science Temple of America Consular Court (a Theocratic state) for the protection and enforcement of our and our people's treaty birthrights secured under the Treaty of Peace with Morocco of 1787/1836 (signed at Meccanez; copy at Tangiers) between the United States of North America and Moroccan Empire, which is in full force and effect under Article 25 of the Treaty of Peace and Friendship of 1836, and the Constitution for the United States of North America.

Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 4. This self-identification comes with a number of beliefs relevant to Mr. Rashie's claims, including that he is immune

---

2024, the Court denied Defendant's Motion for Extension without prejudice for failure to comply with LCvR 7(m). Minute Order (Oct. 1, 2024). Since then, Defendant has not re-filed its Motion for Extension, sought leave to file any response to Mr. Rashie's Recusal Motion out of time, or otherwise requested or indicated a further intent to file a response.

from U.S. law and entitled to various proceeds from the U.S. government. *See generally* Compl., ECF No. 1 at 12–13; *see also* Mem. Op. & Order, ECF No. 30 in 15-cv-00652 (D.D.C.) at 3–4 (quoting R. & R., ECF No. 28 in 15-cv-00652 (D.D.C.)) (quotations omitted) ("Mr. [Rashie] asserts in his briefs, for example, that the certificate issued upon a child's birth in this country operates as a certificate of title to that person's labor, creating a 'trust agreement (indenture) with the U.S. Treasury and various other agencies . . .' [He] also believes that he has emancipated himself from this indenture scheme, and now operates *sui juris* as the executor of the trust created in his legal name.").

A brief history of Mr. Rashie's involvement with the courts helps contextualize his current case. In 2010, Mr. Rashie sent multiple false liens to U.S. government officials. *See* Compl., ECF No. 1 at 14; Def.'s Mot. to Dismiss, ECF No. 20 at 4; Mem. Op. & Order, ECF No. 30 in 15-cv-00652 (D.D.C.) at 2–3. He alleged that the government owed him money related to proceeds it received from his body. Mem. Op. & Order, ECF No. 30 in 15-cv-00652 (D.D.C.) at 3–4. As a result, the government brought criminal charges against Mr. Rashie in the United States District Court for the Central District of California and civil charges against Mr. Rashie in this court. Compl., ECF No. 1 at 15 (discussing the civil and criminal cases); Def.'s Mot. to

Dismiss, ECF No. 20 at 4. In the civil case, the government sought to nullify the false liens that Mr. Rashie filed against various government officials. Compl., ECF No. 1 in 15-cv-00652 (D.D.C.). On March 28, 2024, the Court adopted a magistrate judge's Report and Recommendation to grant the government's Motion for Summary Judgment against Mr. Rashie in that case. Mem. Op. & Order, ECF No. 30 in 15-cv-00652 (D.D.C.).[3] In the criminal case, the government charged Mr. Rashie with two counts of False, Fictitious, or Fraudulent Claims Against the United States, in violation of 18 U.S.C. § 1521, and two counts of Retaliation Against a Federal Law Enforcement Officer by False Claim or Slander on Title, in violation of 18 U.S.C. § 2(b). Indictment, ECF No. 1 in 2:14-cr-00725 (C.D. Cal.). Mr. Rashie was convicted by a jury and sentenced to 77 months of

---

[3] On April 2, 2024, Rashie filed both a Motion for Relief from Judgment in 15-cv-00652 (D.D.C.) and a Notice of Appeal to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Mot. for Relief from J., ECF No. 33 in 15-cv-00652 (D.D.C.); Notice of Appeal, ECF No. 34 in 15-cv-00652 (D.D.C.). The D.C. Circuit held the appeal in abeyance pending resolution of the Motion for Relief from Judgment and directed the parties to file motions to govern future proceedings within 30 days of the district court's resolution of the Motion for Relief from Judgment. D.C. Cir. Order, ECF No. 36 in 15-cv-00652 (D.D.C.). On August 6, 2024, the Court denied Mr. Rashie's Motion for Relief from Judgment. Mem. Op., ECF No. 40 in 15-cv-00652 (D.D.C.). The D.C. Circuit has not yet ruled on Mr. Rashie's appeal. *See generally* 24-5080 (D.C. Cir.).

imprisonment. J. & Sentencing, ECF No. 187 in 2:14-cr-00725 (C.D. Cal.).[4]

In the instant case, Mr. Rashie purports to bring a "Compulsory Counterclaim for Constructive Trust, Equitable Accounting, Tracing, Disgorgement, and Criminal Contempt" related to the civil case brought against him in this Court, 15-cv-00652 (D.D.C.).[5] Compl., ECF No. 1 at 3 ¶ 1.[6] The allegations Mr. Rashie makes in his Complaint and "Response to Motion to Dismiss and Notice and Motion to Amend Complaint by Joinder of Indispensable Claimants, Defendants/Respondents, and Claims Under the Trading With The Enemy Act" ("Opposition and Motion to Amend") are based in his filing of the false liens and

---

[4] The United States Court of Appeals for the Ninth Circuit has affirmed Mr. Rashie's conviction and sentence. Mem. & Order, ECF No. 241 in 2:14-cr-00725 (C.D. Cal.). Mr. Rashie has filed numerous other motions in this criminal case, including a purported "Judicial Notice of Joinder to D.D.C. # 1:24-cv-00521-EGS for Criminal Contempt Proceedings for Abuse of Process and Violation of Discharge Injunction" on March 22, 2024. Def.'s Mot., ECF No. 332 in 2:14-cr-00725 (C.D. Cal.).
[5] In his Recusal Motion, Mr. Rashie apparently also asks the Court to disqualify itself from 15-cv-00652 (D.D.C.). See Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 8.
[6] In his "Response to Motion to Dismiss and Notice and Motion to Amend Complaint by Joinder of Indispensable Claimants, Defendants/Respondents, and Claims Under the Trading With The Enemy Act (TWEA) (50 U.S.C.A. §§ 4301 to 4341)," Mr. Rashie also alleges that the United States and various people associated with the government withheld exculpatory evidence, engaged in "military oppression and abuse of military/martial-law power"; violated a bankruptcy injunction; and various "Grave Breaches" of the Geneva and Hague Conventions. Pl.'s Resp. to Mot. to Dismiss & Notice & Mot. to Amend Compl., ECF No. 22 at 13, 22-44, 47.

subsequent interactions with the government. *See generally* Compl., ECF No. 1; Pl.'s Opp'n to Mot. to Dismiss & Notice & Mot. to Amend Compl., ECF No. 22. The factual basis for Mr. Rashie's Recusal Motion largely draws from these allegations. Mr. Rashie seeks the Court's recusal due to what he asserts is:

> conclusive evidence of War Crimes in Interference with Trade and Commerce by overt acts of Intellectual Property Rights Infringement, Fraud, Article III Section 3 Treason, Misprison (sic) of Treason, Criminal Contempt, Apartheid and Genocide by unlawful 14th Amendment forced conscription scheme.

Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 2. Mr. Rashie asserts that this Court should be disqualified

> under the provisions of 28 U.S.C. §§ 455, 144 due to [its] i) engagement in misconduct by extrajudicial constitutional emoluments (unjust financial gains) for unlawful advantage/profit in violation of the organic Constitution of the [U]nited States of America Article I, Section 9, Clause 8 . . . and ii) engagement in misconduct by willful, intentional, wrongful and wanton withholding of the *Exculpatory Provisions* (50 U.S.C. § 4305(b)(2)) of the Trading With the Enemy Act (TWEA) by violation of bankruptcy discharge injunction . . . to collect discharged debt.

*Id.* at 7 (citing Exhibits A and B).[7]

---

[7] Mr. Rashie also asserts that the "precedent and standard for this judicial review" is *Loper Bright Enterprises v. Raimondo*, 603 U.S. __, 22 S. Ct. 451 (2024) and *Relentless, Inc. v. Dept. of Commerce*, 22 S. Ct. 1219 (2024), "which overturned" *Chevron USA v. Nat'l Resources Defense Council*, 467 U.S. 837 (1984). Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 8. These cases, which relate to federal court review of administrative agency action, have no bearing on Mr. Rashie's Recusal Motion.

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 455

A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In assessing section 455(a) motions, this circuit applies an 'objective' standard: Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *S.E.C. v. Loving Spirit Found., Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) ("*Loving Spirit*") (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (*en banc*) (*per curiam*)).

"To sustain [his] burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Tripp v. Executive Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "By contrast, Section 455(b)(1) requires the moving party to demonstrate actual bias or prejudice based upon an extrajudicial source." *Id.*

"The court has broad discretion in the consideration of the sufficiency of a motion to remove a judicial officer pursuant to 28 U.S.C. § 455(a)." *Cotton v. Washington Metro. Area Transit*

7

*Auth.*, 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (citing *Cobell v. Norton*, 237 F. Supp. 2d. 71, 78 (D.D.C. 2003), citing *James v. District of Columbia*, 191 F. Supp. 2d 44, 46-47 (D.D.C. 2002)). The court "must begin its analysis of the allegations supporting such a request with a presumption against disqualification." *Cobell*, 237 F. Supp. 2d at 78 (citations omitted). To overcome this presumption, the moving party must demonstrate by clear and convincing evidence that disqualification is required by Section 455(a). *Id.* at 78-79 (citations omitted).

### B. 28 U.S.C. § 144

"To recuse a judge under [28 U.S.C.] § 144, a litigant must submit, along with its motion, an affidavit stating 'the facts and the reasons for the belief that bias or prejudice exists.'" *Loving Spirit*, 392 F.3d at 492 (quoting 28 U.S.C. § 144). The litigant must file, in good faith, a "timely and sufficient affidavit" showing a judge has "personal bias or prejudice against him." 28 U.S.C. § 144; *Loving Spirit*, 392 F.3d at 489.

If a litigant seeks disqualification under § 144, "such judge shall proceed no further therein, but another judge shall be assigned to hear such a proceeding." 28 U.S.C. § 144. But courts have frequently held that the judge against whom the motion is brought can first determine whether the affidavit is timely and sufficient. *See U.S. v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976) ("We perceive no basis upon which it could be

8

held that [the judge] erred in ruling on the legal adequacy of the affidavits himself . . . . We are aware of instances in which motions invoking Section 144 have been submitted to fellow judges for decision. That course, however, was at most permissive. It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."); *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252. 256 (D.D.C. 2017) (quotations omitted) (emphasis in original) ("Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge disqualification . . . . Rather, recusal is required *only* upon the filing of a timely and sufficient affidavit.").

"In order to prevent a truly biased judge from blocking an attempt to recuse, the judge, in deciding whether to grant the recusal motion, must accept the affidavit's factual allegations as true even if the judge knows them to be false." *Loving Spirit*, 392 F.3d at 496 (citing *Berger v. United States*, 255 U.S. 22, 35–36 (1921)). But the affidavit '"must state facts as opposed to conclusions, and while the information and belief of the affiant as to the truth of the allegations are sufficient, mere rumors and gossip are not enough."' *Strange v. Islamic Republic of Iran*, 46 F. Supp. 3d 78, 81 (D.D.C. 2014) (quoting

9

*United States v. Hanrahan*, 248 F. Supp. 471, 475 (D.D.C. 1965) (citations omitted)). "The identifying facts of time, place, persons, occasion and circumstances must be set forth, with at least that degree of particularity one would expect to find in a bill of particulars." *Klayman*, 278 F. Supp. 3d at 257 (quoting *Hanrahan*, 248 F. Supp. at 474) (citations omitted)).

### III. ANALYSIS

Mr. Rashie's arguments for recusal relate to: (1) alleged violations of the Emoluments Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 8; and (2) withholding of exculpatory provisions of the Trading with the Enemy Act ("TWEA"), 50 U.S.C. §§ 4301-41. Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 7. Both arguments fail.

Before explaining why it rejects Mr. Rashie's arguments, the Court first notes that it declines to transfer this motion to another colleague to consider. Given that this Court has the "prerogative, if indeed not the duty, of passing on the legal sufficiency" of Mr. Rashie's assertions, it would be a significant waste of judicial resources to ask another judge to consider a motion that so clearly lacks merit. *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010) (quoting *Haldeman*, 559 F.2d at 131); cf., *Walsh v. Comey*, 110 F. Supp. 3d 73, 75 (D.D.C. 2015) (citations omitted) ("[W]hile [the court]

10

has the option of forwarding the Motion to Recuse to another judge, transfer is not required . . . . Since the issues presented here are neither complex nor compelling, the Court will not impose on a colleague.").[8]

### A. "Extrajudicial Constitutional Emoluments"

Mr. Rashie's claim that this Court—not to mention numerous other government officials, *see* ECF Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 28 (referencing Compl., ECF No. 1 at 86-366)—has engaged in "extrajudicial constitutional emoluments" is grounded in clearly irrelevant search results on a now defunct website, Global Markets Entity Identifier ("GMEI") Utility. Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 9.[9] As Exhibit A demonstrates, Mr. Rashie input the case number assigned to his other civil case in this court, "1:15-cv-00652-EGS," into the

---

[8] Different from requesting another judge to review his motion, Mr. Rashie "invites the intervention" of certain individuals to adjudicate his case here and in 15-cv-00652 (D.D.C.) under Article 52 of the Geneva Convention Relative to the Protection of Civilian Persons in Time of War. Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 13–18. This is again rooted in Mr. Rashie's claim that he is not a U.S. citizen and therefore entitled to protection under international treaties. *Id.* Mr. Rashie's only assertion of non-citizenship is based on Moorish sovereign citizen beliefs that have been strongly rejected in court and the Court will similarly reject them for his claim of right to "intervention" here.

[9] The URL on the first page of Exhibit A directs to a search on "www.gmeiutility.org," which no longer exists. Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 29.

11

GMEI Utility database and the search engine produced a list of 96,666 results, many of which are simply organizations that include the letters "EGS" in their name. *Id.* at 28–36 ("EXHIBIT A – *Claim Chart.* Human Trafficking Collusive Action Extrajudicial Constitutional Emoluments (Unjust Financial Gains/Unlawful Profit)"); *id.* at 10 (claiming the chart shows "several of the trust entities listed bear Emmet G. Sullivan's 'EGS.'").

According to Mr. Rashie, these results demonstrate that the Court has received "unjust financial gains" for "unlawful advantage/profit through trading/exchanging GMEI Utility securities bearing General Executor's [Rashie's] copyright protected trademark/tradename in international commerce." *Id.* at 9–10. Mr. Rashie claims the Court is "prejudicially delaying rulings" in this case "to maximize extrajudicial constitutional emoluments." *Id.; see also id.* at 25 (alleging the Court is a "lien Property Custodian.").[10]

---

[10] Mr. Rashie refers to "Thirteen (13) Motions pending . . . before the Court" as evidence of this alleged delay. Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 10. In addition to the motion filed in March 2024 and the instant Recusal Motion, Mr. Rashie filed eleven other motions in quick succession between May 9, 2024 and August 9, 2024, which, among other things, ask the Court to take judicial notice of various items, and request the issuance of a subpoena. *See generally* Docket for 24-cv-521. The number of pending motions does not show that the Court is expressing bias or prejudice by not having ruled on them; but rather that Mr. Rashie is a prolific litigant.

Mr. Rashie cites no relevant facts for the Court to presume to be true under a § 144 analysis. His assertion that Exhibit A demonstrates 96,666 search records (many of which are not included in the chart) of unconstitutional emoluments is not only conclusory, but it is patently untrue. Similarly, under § 455, he cites no "extrajudicial source" that demonstrates bias or prejudice. *Liteky*, 510 U.S. at 554; *Tripp*, 104 F. Supp. 2d at 34. No "informed observer would reasonably question" this Court's "impartiality" based on these allegations because that is all they are, speculation without any objective support. *Tripp*, 104 F. Supp. 2d at 34. Recusal is improper on this basis.

### B. "Exculpatory Provisions" Under the TWEA

Mr. Rashie's second argument fares no better.  Mr. Rashie seems to argue that because he made a payment to the United States that was a "full acquittance and discharge for all purposes of the obligation of the purpose making the same," referring to a discharge he received from the United States Bankruptcy Court for the Middle District of Florida in 2020, after which "no person shall be liable in any court," the Court is somehow committing grave offenses by "withholding . . . exculpatory provisions [of the TWEA]." Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 10–12.[11] The Court will

---

[11] Mr. Rashie asserts that this Court's "withholding of the *Exculpatory Provisions*" constitutes:

13

not address whether there is any merit to Mr. Rashie's claims under the TWEA at this juncture. Suffice to say for purposes of resolving this Recusal Motion that the theory Mr. Rashie advances of his non-citizen status has been often rejected as frivolous by other courts. *See* Def.'s Mot. to Dismiss, ECF No. 20 at 7 (discussing rejections of such theories).

Mr. Rashie's argument fails because he alleges no facts related to the Court's actions; he merely concludes that the Court is one of the many entities engaging in grievous violations of his rights based on his theories regarding his citizenship. His 'affidavit' is therefore clearly insufficient under § 144. His argument similarly fails under § 455 for

---

> i) military oppression and abuse of military/martial-law power (abuse of process = Article III Section 3 Treason) which is unnecessary for war prosecution by a military officer / peace officer in the military criminal jurisdiction under the Lieber Code (General Orders No. 100 by President Abraham Lincoln 24 April 1863); ii) violation of bankruptcy discharge injunction; and iii) violations of the law of war (Grave Breaches of (4th) Geneva Conventions of 1949 (GWS, GWS Sea, GPW, GC, GPW 1929, and GWS 1929) and Hague (IV) Convention Respecting the Laws and Customs of War on Land of 1907 (H. III, H. IV, HR, H. V, H. IX, H. X, Roerich Pact, UCMJ) 3 — in willful, wanton, wrongful, and intentional violation of the Law of Occupation of 50 U.S.C. § 4305(b)(2).

Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 12.

failure to allege any extrajudicial source of bias or prejudice. Moreover, to the extent Mr. Rashie argues that the Court's rulings in this case or in 15-cv-00652 (D.D.C.) provide evidence of bias or partiality, this argument also fails. It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citations omitted); *see also Klayman*, 278 F. Supp. 3d at 257-58 (citations omitted) ("Plaintiff's motion consists chiefly of complaints regarding the Court's rulings in this case, and the Court's rulings and perceived delays in other cases brought by Plaintiff or organizations affiliated with Plaintiff. These rulings do not evidence any extrajudicial bias or prejudice and are therefore insufficient to support a motion for recusal under section 144 or 455.").[12]  '"[O]nly in the rarest of circumstances,' the Supreme Court has warned, will rulings 'evidence the degree of favoritism or antagonism required' to warrant recusal." *Loving Spirit*, 364 F.3d at 493 (quoting

---

[12] Far from alleging any specific instances of rulings or orders that show bias or prejudice, this Recusal Motion seems to be the latest in Mr. Rashie's long series of similar allegations against all levels of government officials and judges overseeing various proceedings in which he is involved. *See, e.g.*, Pl.'s Resp. to Mot. to Dismiss & Notice & Mot. to Amend Compl., ECF No. 22 at 59-60 (seeking to add an expansive list of defendants/respondents to this litigation); Order Denying Mot. for Recusal, ECF No. 131 in 2:14-cr-00725 (C.D. Cal.) (rejecting a similar motion for recusal under §§ 144 and 455 in Mr. Rashie's criminal case).

*Liteky*, 510 U.S. at 551, 555). Mr. Rashie has put forth no evidence or support that would meet this rare circumstance. Therefore, Mr. Rashie fails to show any cause for recusal under §§ 445 or 144.[13]

### IV. CONCLUSION

"[A] judge has as much an obligation *not* to recuse himself where there is no reason to do so as he does to recuse himself when proper." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (citations omitted) (emphasis in original). Because Mr. Rashie falls far short of making any reasonable argument that recusal is warranted, the Court has an obligation to **DENY** his motion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**November 13, 2024**

---

[13] As explained above, there are ample reasons to reject Mr. Rashie's § 144 arguments because the 'affidavit' he submits is clearly insufficient. Therefore, it is unnecessary to address other possible issues regarding timeliness and whether Rashie filed the affidavit in good faith, as he certified. Pl.'s Mot. & Aff. for Disqualification & Recusal, ECF No. 26 at 22. But the Court's ruling here does not mean Mr. Rashie has satisfied these other requirements.